**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WILLIAM MCDOWELL. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-1136-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

William McDowell ("McDowell") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **remanded for further proceedings.**

## I. BACKGROUND

McDowell applied for DIB on March 14, 2002, alleging an onset date of January 1, 2000. His application was denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on December 19, 2003. McDowell was present, accompanied by his attorney. Medical and other records were introduced into evidence, and McDowell, a medical expert, and a vocational expert testified.

The ALJ denied McDowell's application on March 8, 2004. On May 19, 2004, the Appeals Council denied McDowell's request for review of the ALJ's decision, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed.  The court has jurisdiction over McDowell's complaint pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) McDowell met the disability insured status requirements of the Act at all times relevant to the ALJ's decision; (2) the medical evidence established that McDowell had "severe" impairments consisting of degenerative disc disease and obesity, but that his hypertension did not constitute a "severe" impairment; (3) McDowell did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4; (4) McDowell retained the residual functional capacity ("RFC") to perform light exertional work (standing and walking for six hours in an eight-hour day, with occasional lifting of twenty pounds and frequent lifting of ten pounds) with the following restrictions and limitations: no work at unprotected heights, operating dangerous moving machinery or vibrating tools, overhead work, or rapid repetitive movements of the neck, and no more than occasional climbing or crawling; (5) McDowell's subjective complaints and allegations concerning the severity of his impairments were not reasonably consistent with the objective medical and other evidence of record; (6) McDowell's past relevant work as a security guard did not require the performance of work-related tasks precluded by the above limitations; and (7) McDowell's impairments did not prevent him from performing his past relevant work as a security guard. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that McDowell had not been disabled, with the meaning of the Act, at any time relevant to the ALJ's decision.

## II.  DISCUSSION

### A.   Applicable Law

To be eligible for disability benefits, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993).  "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.   Analysis

The ALJ determined that McDowell was not disabled because he retained the RFC to perform his past relevant work as a security guard.  McDowell argues that the ALJ's decision was not supported by substantial evidence in several respects.  The court finds at least one argument dispositive and remands the case on that basis.

McDowell correctly points out that the ALJ failed to mention in his opinion McDowell's impairment of lumbosacral arthritis. The Commissioner does not dispute that the ALJ failed to discuss McDowell's arthritis, however, she contends that there is no error because no functional limitations resulted from that impairment.  This is not clear from the record, however.

Dr. Issa, consulting examiner, listed lumbosacral spine arthritis and degenerative disk disease in his impressions, and stated that McDowell's "chronic low back pain has been limiting his physical activity significantly." (R. at 179).  Treating physician Dr. Gilkey specifically stated that McDowell had "radiologically [illegible- "documented"?] osteoarthritis of right hip resulting in decreased ability to walk or maintain static position."  (R. at 198). The court cannot assume that the ALJ was aware of the arthritis and found that it had no impact on McDowell's ability to perform work activities. McDowell complained that because of his arthritis he was unable to walk the distances required for his security guard job. (R. at 214, 221, 225-26). The vocational expert testified that if McDowell could walk only five or 10 minutes at a time as he testified, he would not be able to perform the requirements of the security guard job and he would be considered disabled. (R. at 237). Under these circumstances, this omission is one that cannot be overlooked. In this regard, the ALJ has failed to satisfy his obligation to "sufficiently articulate his assessment of the evidence to assure us that [he] considered the important evidence . . . [and to enable] us to trace the path of [his] reasoning." *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (internal quotation omitted).

In addition, on remand, at a new hearing the ALJ shall inquire of the medical expert whether McDowell's impairments satisfy Listing 1.04A.  He shall also inquire of the medical expert the extent to which McDowell's obesity, in combination with his other impairments, would affect his abilities to perform work activities.  The ALJ shall also inquire of the medical expert as to whether the types and frequency of medication taken by McDowell could indicate that he experiences severe pain. Finally, when evaluating McDowell's credibility, the ALJ shall not hold him to a standard of having to allege or demonstrate

3

"incapacitating pain." (R. at 18). Any updated or additional evidence from treating or consulting medical sources shall also be considered.

### III. CONCLUSION

For the reasons discussed in this Entry, the ALJ's conclusions at step four of the sequential analysis are not supported by substantial evidence. This court is thus required to remand the case to the ALJ for further consideration consistent with this decision. *Melkonyan v. Sullivan*, 501 U. S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 09/08/2005

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana